GORDON v. BUSTER.    (No. 1884.) *

(Court of Civil Appeals of Texas. Amarillo. Jan. 11, 1922. Rehearing Denied Feb. 1, 1922.)

Master and servant ☞363—Nonsubscribing employer of "ranch laborer" held not entitled to defenses excluded by Workmen's Compensation Act; "farm laborer."

A "farm laborer" and a "ranch laborer" are not one and the same thing, and, in an action against a ranch owner by a ranch laborer for personal injuries, the defendant could not interpose the defenses of contributory negligence and assumed risk, where he had as many as three employees and was not a subscriber to the Workmen's Compensation Act, in view of Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1, before amendment of article 5246—2, by Acts 37th Leg. (1921) c. 115.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Farm Laborer.]

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by Jack V. Buster against John W. Gordon. Judgment for plaintiff, and defendant appeals. Affirmed.

Carl Gilliland, of Hereford, for appellant. W. H. Russell, of Hereford, for appellee.

HALL, J. Appellee, as plaintiff below, sued appellant to recover damages in the sum of $5,000. He alleges that he was injured while working for appellant as a ranch hand. The substance of the petition is that, on or about December 2, 1920, one Smith, who was at that time running appellant's Castro county ranch, employed appellee to work thereon, his duties being to feed cattle, fix fences, and do general ranch work; that such employment was with the knowledge of appellant; that soon after his employment Smith left for Mississippi on a visit, and never returned, and appellee was left in charge of the ranch; that while so employed, on or about the 12th day of February, 1920, appellee was en route from the ranch to the town of Summerfield, for the purpose of buying groceries and supplies to be used by the employees of the ranch; that he drove a span of small mules to an old hack; that the hack was worn out, and practically worthless, the neck yoke of which was out of order, in that, instead of having a proper and necessary ring to fit over the end of the tongue of the vehicle, there were a number of strands of old baling wire used as a substitute; that while driving to Summerfield the baling wire which was being used as a ring broke; the tongue of the vehicle fell to the ground, frightening the mules; that they ran away, throwing appellee from the hack, breaking his leg, causing other permanent injuries, resulting in the damages set out. The appellant answered by general denial, pleas of contributory negligence and assumed risk. By supplemental petition appellee charged that appellant was engaged in a general ranch business in Castro, Deaf Smith, and Terry counties; that he owned and controlled large ranches in each of these counties, upon which ranches he pastured large herds of cattle; that the farming operation conducted by appellant on said Castro county ranch were only incident to the ranching business, and that appellant had in his employ three or more persons, and was not a subscriber to nor had he complied with the provisions of the Workmen's Compensation Act. The case was submitted to a jury upon a general charge, and resulted in a verdict for appellee in the sum of $650.

The controversy is presented in this court upon the single assignment that the court erred in not directing a verdict for the appellant. The physician who attended appellee after his injury, and appellee himself, were the only witnesses who testified upon the trial. Appellee testified that Smith never returned from Mississippi, and that he continued to work in the same way as when he started until the time of his injury; that at the time he commenced to work there was an old hack on the place with a broken

wheel; that he used appellant's wagon in hauling feed to the cattle until the rough feed had all been consumed; that appellant said, "I will take that hack and have the wheel fixed and use it in feeding cake, and we will not have to pull the wagon over the pasture"; that this was done, and that appellee began to use it instead of the wagon; that on February 12th, the day he was hurt, he had fed cattle in the west pasture in the morning and had spent part of the forenoon in feeding cattle before he started to Summerfield for the groceries and supplies; that on the way to Summerfield he took a load out for the cattle, and, after feeding it, went on for the groceries; that where he fed the cattle was between the ranch and Summerfield; that after he drove out of the pasture, and about a mile and a half on the way to Summerfield, he started down a grade, the hack ran down on the breast yoke, the baling wire used as a substitute for a ring broke, dropping the tongue of the vehicle to the ground, frightening the mules, and causing them to run away when he was thrown from the hack. Appellee further testified that he had been raised on a ranch and had lived on a ranch and farm practically all of his life, knew about the use of baling wire, and had used it for most all purposes except as a substitute for rings on neck yokes, and had never seen a ring made of it; that he had put it on hames for rings, made links in trace chains with it, and at the time he was using it on the neck yoke knew it was in strands and had used the breast yoke in that condition after he went to work for appellant; that in making repairs with baling wire he only made them for temporary purposes; he knew that the wire soon wore out and had to be replaced; that there were three employees on the ranch at the time he was injured; that the other two boys had been heading kaffir corn; that he had done no farm labor, but looked after the cattle, the fences, and general ranch work. Justice Higgins, in the case of C. C. Slaughter Cattle Co. v. Pastrana, 217 S. W. 749, held that a cowboy working upon a ranch where farming was carried on merely as an incident to the conduct of the ranch was not a farm laborer within the meaning of the Workmen's Compensation Act. Article 5246—2, Vernon's Civ. St. A writ of error was sued out in that case, and was dismissed by the Supreme Court for want of jurisdiction. Thereafter the Thirty-Seventh Legislature (Gen. Laws, c. 115, p. 221) amended section 2 of the above statute, adding the words "ranch laborers." It is recited in the emergency clause of the amendment that—

"The fact that this act as now construed by the courts applies to actions to recover damages for the personal injuries of, and for death resulting from personal injuries sustained by ranch laborers, while actions by farm laborers and other domestic servants are exempted from its provisions; that labor upon ranches as they are now conducted, is no more hazardous employment than farm labor, and that the producers of live stock are being caused to incur much unnecessary expense for their protection, creates an emergency," etc.

The passage of this amendment would indicate that the Legislature did not concur in the construction placed upon section 2 by the Court of Civil Appeals in the Slaughter Case. We have had some difficulty in arriving at a conclusion as to what should be a proper disposition of this appeal, but have finally decided to hold, as was held in the Slaughter Case, that a farm laborer and a ranch laborer are not one and the same thing. It appearing that appellant had as many as three employees, there being no proof that he was a subscriber under the Workmen's Compensation Act, it follows that he cannot interpose the defenses of contributory negligence and assumed risk. Vernon's Civ. St. art. 5246—1.

The judgment is therefore affirmed.